# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 14, 2007

134608

In re Petition of WAYNE COUNTY
TREASURER for Foreclosure.
_____/

WAYNE COUNTY TREASURER and
AVENUE INVESTORS,
               Petitioners-Appellees,

and

STATE OF MICHIGAN,
               Petitioner-Appellant,

v

HENRY WATSON II,
               Respondent-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134608
COA: 265426
Wayne CC: 03-318698-PZ

On order of the Court, the application for leave to appeal the May 8, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REINSTATE the June 10, 2005 order of the Wayne Circuit Court that set aside the foreclosure sale and provided other relief. The foreclosure sale of publicly owned property is prohibited. MCL 211.7*l*; MCL 211.78g(1). The Wayne County Treasurer had reason to know that the property was publicly owned during the tax years that led to the tax foreclosure, because the County was engaged in litigation with the State of Michigan concerning tax liability and other matters pertaining to the property. Further, prior to the property being sold to the respondent, a settlement of the litigation required removal and rescission of the assessments that were the basis for the foreclosure sale.

MARKMAN, J., dissents and states as follows:

I would deny leave to appeal in this case because the state of Michigan received notice of the action to foreclose its property and failed to protect its interests. The trial

court lacked jurisdiction to grant relief under MCR 2.612(C) when there was no due process violation.

The state purchased the property at issue in 1989, and the warranty deed was recorded. The Wayne County Treasurer mistakenly taxed the property and, in June 2003, instituted foreclosure proceedings based on the 2001 tax year and some previous tax years. In December 2003, the state filed a complaint to quiet title and to settle the tax issue. On March 5, 2004, while the case was pending, the county treasurer was granted a foreclosure of the property. On April 21, 2004, the state's case was settled, with property taxes being rescinded and the county being obligated to take steps to reverse the sale of the foreclosed property. Despite this, the county treasurer auctioned the property on April 27, 2004, and respondent Watson purchased the property. Watson recorded the deed on November 1, 2004.

On January 20, 2005, the county treasurer filed a motion to set aside the foreclosure judgment and the auction sale. The state also filed a motion to set aside the foreclosure judgment on February 25, 2005. The trial court granted these motions. The Court of Appeals reversed, concluding that the trial court lacked the authority to set aside the foreclosure. The Court of Appeals agreed that the property was exempt from taxation and should not have been subject to foreclosure. However, the state was aware of the foreclosure proceedings and did not object, failing to avail itself of its rights under the General Property Tax Act (GPTA), MCL 211.1 *et seq.* The Court of Appeals also held that the trial court's authority under MCR 2.612(C) to set aside a foreclosure judgment is limited to proceedings that are invalidated by a due process violation.

MCL 211.78g(1) states, in pertinent part:

A county treasurer shall withhold a parcel of property from forfeiture for any reason determined by the state tax commission. The procedure for withholding a parcel of property from forfeiture under this subsection shall be determined by the state tax commission.

The state cites an April 17, 2002, State Tax Commission bulletin, which provides:

A property owned by the U.S. Government, the State of Michigan, a county, a city, a village or a township shall be withheld from foreclosure.

Procedure: If the property is forfeited in error, the County Treasurer removes all of the fees attached to the parcel, files a certificate of cancellation of forfeiture (form 3839) with the Register of Deeds. Notifies the State Treasurer and the Contractor of the error. The State Treasurer will withhold the parcel from foreclosure and stop all title work on the parcel.

In this case, the Court of Appeals acknowledged that the county treasurer had failed to comply with the bulletin, but found that even if public property *should* be withheld from foreclosure, that did not mean that it *cannot* be foreclosed under the GPTA. I agree. In this case, the property was forfeited in error, the county treasurer did not cancel the forfeiture, the property was foreclosed, and the property was sold to a third party. The bulletin does not provide a remedy for property foreclosed in error that is sold to a third party. There is no language stating that such a foreclosure is void or that the foreclosure falls outside the realm of the GPTA. And there is nothing in the GPTA exempting state property from its provisions. Indeed, should the State Tax Commission revoke its bulletin, state property would then be treated no differently under the GPTA than any other property. Once the property was foreclosed, the county treasurer had fee simple title to the property, which was transferred to Watson pursuant to MCL 211.78k.

MCL 211.78k(6) provides, in pertinent part:

> [F]ee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid . . . shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property . . . . The foreclosing governmental unit's title is not subject to any recorded or unrecorded lien and shall not be stayed or held invalid except as provided in subsection (7) or (9).

The state did not pursue the remedy available in subsection 7 by appealing the foreclosure judgment in the Court of Appeals. Subsection 9 provides:

> After the entry of a judgment foreclosing the property under this section, if the property has not been transferred under section 78m to a person other than the foreclosing governmental unit, a foreclosing governmental unit may cancel the foreclosure by recording with the register of deeds for the county in which the property is located a certificate of error in a form prescribed by the department of treasury, if the foreclosing governmental unit discovers any of the following:
>
> (a) The foreclosed property was not subject to taxation on the date of the assessment of the unpaid taxes for which the property was foreclosed . . . . [MCL 211.78k(9).]

The county treasurer did not cancel the foreclosure in this case before the property was sold to Watson.

This Court considered the constitutionality of MCL 211.78k(6) in *In re Petition by Wayne Co Treasurer*, 478 Mich 1 (2007) (*Perfecting Church*). In *Perfecting Church*, the

county treasurer failed to comply with the notice provisions of the GPTA when it foreclosed the church's property. *Id*. at 5. This Court considered whether MCL 211.78k(6) deprived the circuit court of jurisdiction to alter the judgment of foreclosure under MCR 2.612(C) when a property owner does not redeem the property or appeal the foreclosure judgment within 21 days:

> [The intervening parties] argue that MCL 211.78k(6) precludes the circuit court from staying or holding the governmental unit's title invalid. Furthermore, because the church did not avail itself of the redemption or appeal provision contained in subsections 6 and 7, it is limited to an action for monetary damages under MCL 211.78*l*.

> The intervening parties accurately construe these provisions of the GPTA. If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure. MCL 211.78k(6) vests *absolute title* in the foreclosing governmental unit, and if the taxpayer does not redeem the property or avail itself of the appeal process in subsection 7, then title "*shall not* be stayed or held invalid . . . ." This language reflects a clear effort to limit the jurisdiction of courts so that judgments of foreclosure may not be modified other than through the limited procedures provided in the GPTA.[13] *The only possible remedy for such a property owner would be an action for monetary damages based on a claim that the property owner did not receive any notice.* In the majority of cases, this regime provides an appropriate procedure for foreclosing property because the statute requires notices that are consistent with minimum due process standards.

> _____
> [13] The recent amendments of the GPTA add further support to this conclusion. See MCL 211.78k(5)(g).
> _____

> [Id. at 8 (third emphasis added).][1]

_____

[1] MCL 211.78k(5)(g) provides:

> A judgment entered under this section is a final order with respect to the property affected by the judgment and except as provided in subsection (7) shall not be modified, stayed, or held invalid after the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or for contested cases 21 days after the entry of a judgment foreclosing the property under this section.

This Court went on to hold that, to the extent the statute limited the trial court's jurisdiction to modify judgments of foreclosure when property owners are denied due process, the statute is unconstitutional:

> [I]n cases where the foreclosing entity fails to provide *constitutionally adequate* notice, MCL 211.78k permits a property owner to be deprived of the property without due process of law. Because the Legislature cannot create a statutory regime that allows for constitutional violations with no recourse, that portion of the statute purporting to limit the circuit court's jurisdiction to modify judgments of foreclosure is *unconstitutional and unenforceable as applied to property owners who are denied due process*. [*Id*. at 10-11 (second emphasis added).]

*Perfecting Church* did not purport to rule that MCL 211.78k was unconstitutional in any respect other than cases in which there is a due process violation.

There is no due process claim in this case. The state knew about the foreclosure proceedings and auction and chose to file a separate suit rather than objecting to the foreclosure action. While the property should never have had property taxes assessed in the first place, MCL 211.7*l*, and the county treasurer auctioned the property in violation of the settlement agreement in the separate case, I agree with the Court of Appeals that the state neglected to pursue its available remedies under the GPTA to protect its interest.[2] Given the holding in *Perfecting Church*, the trial court did not have jurisdiction to grant relief under MCR 2.612(C) when there was no due process violation.

In conjunction with *Perfecting Church*, the instant decision renders the purchase of foreclosed property less certain and more tentative. However, while *Perfecting Church* was compelled by the constitution, there is neither a constitutional nor a statutory imperative for the present decision.

---

[2] This case can be distinguished from *Detroit Bldg Authority v Wayne Co Treasurer*, 480 Mich ___ (2007) (Docket Nos. 129741, 129743, and 129745), in which the plaintiff city did not receive notice and was therefore deprived of an opportunity to protect its interests under the GPTA.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 14, 2007

d1211

Clerk