# STATE OF MICHIGAN

# COURT OF APPEALS

CAROLA CONDOMINIUM ASSOCIATION, a
Michigan non-profit corporation,

      Plaintiff-Appellee,

v

DUSTIN CHAPPELL, THERESA LYNN
COCKRUM, and TIM THARP,

      Defendants,

and

RENEWING DETROIT LLC and
WATERFRONT RENTALS LLC,

      Defendants-Appellants.

UNPUBLISHED
July 19, 2016

No. 325851
Wayne Circuit Court
LC No. 13-013938-CH

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendants appeal as of right the circuit court opinion and order granting summary disposition to plaintiff under MCR 2.116(I)(2). For the reasons stated below, we affirm.

## I. BACKGROUND

Plaintiff, the Carola Condominium Association, sought equitable relief in the circuit court after property described as "garage spaces" in the condominium project was tax foreclosed upon by the Wayne County Treasurer. Plaintiff sued defendants, who were issued quitclaim deeds from the Treasurer as individual purchasers of the foreclosed properties at the County's tax foreclosure sale.

The genesis of the problem that led to the foreclosure dispute was in the labeling of the garage spaces as units rather than as common area spaces. Carola Development, LLC, developed the residential 19-unit condominium project, known as the Carola Condominiums, Condominium Subdivision Plan No. 699, and recorded a master deed for the project on April 2,

-1-

2003, in Liber 37709, in Wayne County. The master deed was amended three times. The first amendment was executed on January 10, 2005. It was tax certified[1] by the Wayne County Treasurer on February 11, 2005, and recorded with the Register of Deeds in Liber 42068 on February 14, 2005. The first amendment added parcels to the condominium project that were designated for future development in the master deed. The amendment also replaced and superseded Article II of the master deed to read in pertinent part that "*[t]he Project consists of 33 residential Condominium Units, . . . Units 20 through 49 have been added pursuant to the First Amendment of the Master Deed of Carola Condominiums*." The condominium subdivision plan recorded with and attached to the first amendment included residential plans for "Unit 1", and "Unit 20" through "Unit 33." There was also a plan for "Garage Unit 34" through "Garage Unit 49."

The second amendment to the master deed was executed on February 6, 2012. It was tax certified by the Treasurer and recorded in Liber 49899 with the Register of Deeds on June 15, 2012. The second amendment deleted parcels of land from the condominium project. The second amendment deleted and replaced Article II to read in pertinent part that the project consisted of a total of:

> *29 residential Units, numbered 1-29, and 16 Garage Units(erroneously classified as Units as opposed to Limited Common Elements) numbered 34-49, as described in Article VI, below.*

Article IV was also replaced to read

> *The Condominium consists of twenty-nine residential (29) Units, numbered 1 through 29, inclusive, which Units are contained in two (2) buildings. There are also sixteen (16) garage Units, numbered 34-49, inclusive, which Units were listed in error as Units and never sold and were really intended as Limited Common Elements (which re-designation may take place in a subsequent amendment).*

The subdivision plan attached to the second amendment contained residential plans for "Units 1-19."

The third amendment was executed on April 2, 2012. It was tax certified by the Treasurer and filed with the Register of Deeds on August 3, 2012. The third amendment eliminated units 34-49 "for the purposes of correcting an error in the designation of garage spaces as Units rather than Limited Common Elements . . . as was clearly intended by the failure of the Developer to separately deed the same to Co-owners . . . " The third amendment in pertinent part amended Article V by adding a subsection 5 that read, "*The garage spaces shown on the Condominium Subdivision Plan, which shall be assigned to the Units as set forth in Article VI hereof and the garage building, whichshall [sic] be assigned garage space from time*

---

[1] The treasurer for the city of Detroit stamped the face page of the document certifying "that there are no tax liens on this property . . . and that taxes are paid for FIVE YEARS previous to date of the instrument."

*to time.*" Article IV, misidentified as Article VI in the third amendment, (there is no Article VI), was amended in pertinent part to read, *"The Condominium consists of twenty-nine residential (29) Units, numbered 1 through 29, inclusive, which Units are contained in two (2) buildings . . . "* The attached subdivision plan identified former Garage Units 34-49 as G-1 through G-16.

On June 13, 2012, the Wayne County Treasurer filed a Petition for Foreclosure for unpaid taxes on "identified parcels of property forfeited to the Wayne County Treasurer under MCL 211.78g" with the circuit court.[2] The petition was granted and a Judgment of Foreclosure was entered by circuit Chief Judge Virgil Smith on March 28, 2013. On October 25, 2013, plaintiff filed a Verified Complaint for Injunctive Relief and Quiet Title and *Ex Parte* Application for Temporary Restraining Order regarding the garage spaces in circuit court. Discovery ensued.

On July 25, 2014, defendants moved for summary disposition under MCR 2.116(C)(7) and (8). Defendants argued plaintiff was requesting possession of the tax foreclosed property, which was prohibited under the General Property Tax Act (hereinafter GPTA), MCL 211.55, *et seq.*, after the redemption period expired, absent a claim of deprivation of due process. Plaintiff responded by requesting summary disposition under MCR 2.116(I)(2). Plaintiff argued that the Treasurer foreclosed on the properties in error, because they were garages and therefore, limited common elements not subject to separate taxation apart from the condominium units under the Michigan Condominium Act (hereinafter MCA), MCL 559.101, *et seq*. Plaintiff requested the court correct the Treasurer's mistake and quiet title to the garages with their corresponding condominium units. The court agreed with plaintiff and granted it summary disposition under MCR 2.116(I)(2), setting aside the Judgment of Foreclosure and quitclaim deeds to defendants. Defendants appeal the circuit court's opinion and order.

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's ruling on a motion for summary disposition." *Anzaldua v Neogen Corp*, 292 Mich App 626, 629; 808 NW2d 804 (2011). In the circuit court, defendants moved for summary disposition under MCR 2.116(C)(7) and (8). Summary disposition under MCR 2.116(C)(7) is appropriate when a claim is barred based on a prior judgment. *Hanley v Mazda Motor Corp*, 239 Mich App 596, 600; 609 NW2d 203 (2000). "The applicable standard of review under MCR 2.116(C)(7) requires us to accept all plaintiff's well-pleaded allegations as true and to construe them most favorably to the plaintiff. In reviewing a C(7) motion, the court must consider all affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties. The motion should not be granted unless no factual development could provide a basis for recovery." *Jones v State Farm Mut Auto Ins Co*, 202 Mich App 393, 396-97; 509 NW2d 829, 832 (1993) holding mod by *Patterson v Kleiman*, 447 Mich 429; 526 NW2d 879 (1994) (internal citations omitted).

A motion for summary disposition under MCR 2.116(C)(8) "tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which

---

[2] According to the Judgment of Foreclosure, the petition was supplemented on July 23, 2012, and amended on January 30, 2013. The petition itself is not a part of the lower court record.

relief may be granted. The motion must be granted if no factual development could justify the plaintiffs' claim for relief." *Spiek v Dep't of Trans*, 456 Mich 331, 337; 572 NW2d 201 (1998). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Adair v State*, 470 Mich 105, 119; 680 NW2d 386 (2004).

Plaintiff moved for and was granted summary disposition under MCR 2.116(I)(2). Summary disposition under MCR 2.116(I)(2) is appropriate when "it appears to the court that the opposing party, rather than the moving party, is entitled to judgment . . . " See also *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 701; 550 NW2d 596 (1996).

The circuit court's grant of relief to plaintiff included setting aside a Judgment of Foreclosure. A trial court's decision on a motion to set aside a judgment is discretionary and will not be reversed on appeal absent an abuse of discretion. *Heugel v Heugel*, 237 Mich App 471, 478; 603 NW2d 121 (1999).

This case also involves interpretation of provisions of the GPTA and the MCA. "We review de novo questions of statutory interpretation." *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). When interpreting a statute,

> the paramount rule is that we must effect the intent of the Legislature. Statutory language is read according to its ordinary and generally accepted meaning. If the statute's language is plain and unambiguous, we assume the Legislature intended its plain meaning; therefore, we enforce the statute as written and follow the plain meaning of the statutory language. [*Id*.]

### III. THE JUDGMENT OF FORECLOSURE

Defendants argue that summary disposition was improperly granted to plaintiff because plaintiff's action was one for the redemption of property after a foreclosure sale, which is barred under the GPTA. We disagree and conclude that the circuit court did not err or abuse its discretion in granting plaintiff equitable relief where the record demonstrates a mistake was made.

### A. THE GENERAL PROPERTY TAX ACT

The GPTA controls " . . . the return, forfeiture, and foreclosure of property for delinquent taxes . . . " by a political subdivision of this state. MCL 211.78(1), (2). Under the GPTA, there are multiple opportunities for a respondent to challenge the tax foreclosure of property. The petition for foreclosure can be challenged under MCL 211.78k(2) regarding "the validity or correctness of the forfeited unpaid delinquent taxes, interest, penalties, and fees . . . " The judgment of foreclosure can be challenged by appeal under MCL 211.78k(7), or by exercising the right to redeem the property under sections MCL 211.78g(3) and MCL 211.78k(7). However, after the time for appeal and redemption expire, title to the property vests absolutely with the foreclosing governmental unit. MCL 211.78k(6).

If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure. MCL 211.78k(6) vests absolute title in the foreclosing governmental unit, and if the taxpayer does not redeem the property or avail itself of the appeal process in subsection 7, then title 'shall not be stayed or held invalid . . . ' This language reflects a clear effort to limit the jurisdiction of courts so that judgments of foreclosure may not be modified other than through the limited procedures provided in the GPTA. *In re Treasurer of Wayne Co for Foreclosure*, 478 Mich 1, 8; 732 NW2d 458 (2007).

In *In re Treasurer of Wayne Co for Foreclosure, supra*, our Supreme Court held MCL 211.78k(6) unconstitutional "[a]s applied to the limited class of property owners who have been denied due process in this statutory foreclosure scheme . . . " *Id*. at 4. Defendants on appeal have interpreted this ruling to mean that absent a claim of deprivation of due process, a judgment of foreclosure under MCL 211.78k may not be invalidated.

Defendants argue that once a judgment of foreclosure is entered and the notice requirements for a tax sale under MCL 211.78 of the GPTA are satisfied, plaintiff has no right to bring a cause of action against defendants because plaintiff's rights according to MCL 211.78*l*(1), are extinguished. MCL 211.78*l*(1) provides

If a judgment for foreclosure is entered under section 78k and all existing recorded and unrecorded interests in a parcel of property are extinguished as provided in section 78k, the owner of any extinguished recorded or unrecorded interest in that property who claims that he or she did not receive any notice required under this act shall not bring an action for possession of the property against any subsequent owner, but may only bring an action to recover monetary damages as provided in this section.

Plaintiff has not claimed it was deprived of notice. Defendants therefore, argue that plaintiff's only recourse is a money judgment. We conclude otherwise.

Defendants are incorrect to presume that all equitable considerations are foreclosed by the GPTA's statutory scheme. It is true that a court may not act in equity to avoid the application of a statute. *Stokes v Millen Roofing Co*, 466 Mich 660, 671; 649 NW2d 371 (2002). Where a statute controls the requirements of redemption, equitable considerations are inapplicable " 'absent fraud, accident, or mistake.' " *Freeman v Wozniak*, 241 Mich App 633, 637; 617 NW2d 46 (2000), quoting *Senters v Ottawa Savings Bank*, 443 Mich 45, 55; 503 NW2d 639 (1993).

In *Deutsche Bank Trust Co Americas v Spot Realty, Inc*, 269 Mich App 607, 616-618; 714 NW2d 409 (2005), the Court held that where the notice requirements for foreclosure by advertisement were strictly complied with and the plaintiff could not show any wrongdoing, equity could not be used to extend the period in which to redeem the property. The Court also noted that plaintiff was on notice that the property was still encumbered because there was no record of a discharge. In *Freeman v Wozniak, supra*, the Court reversed the trial court's setting aside of a foreclosure sale where the parties agreed that the foreclosure procedure was proper. 241 Mich App at 637. Although the parties stipulated that the plaintiff was incompetent during

the foreclosure proceedings, because the plaintiff did not allege fraud, accident or mistake, the trial court's reliance on its equitable powers to set aside the foreclosure sale was error. *Id*. at 636.

In *In re Wayne County Treasurer*, unpublished opinion per curiam of the Court of Appeals, entered May 8, 2007 (Docket No. 265426 ), the Court reversed the trial court's decision to vacate the foreclosure judgment under the GPTA on equitable grounds. In that case, the subject property was exempt from taxation under MCL 221.7l as public property, and the Court agreed that the property should not have been subject to foreclosure proceedings in the first place. The Court however, reasoned that even state-owned properties were subject to the GPTA. The Court concluded that because the state failed to follow the statutory procedures in MCL 211.78k to redeem the property or appeal the judgment and was not claiming a due process violation, the judgment of foreclosure was final and vested absolute title in the Treasurer. The Court also held that the circuit court did not retain jurisdiction under MCR 2.612(C) to modify or vacate the judgment of foreclosure in the absence of a due process claim. Finally, the Court held that where there was no due process challenge, the GPTA did not provide any other reason for invalidating foreclosure proceedings post-judgment.

The Michigan Supreme Court reversed *In re Wayne County Treasurer*, 480 Mich 981; 742 NW2d 109 (2007), stating:

> we REVERSE the judgment of the Court of Appeals and we REINSTATE the June 10, 2005 order of the Wayne Circuit Court that set aside the foreclosure sale and provided other relief. The foreclosure sale of publicly owned property is prohibited. MCL 211.7 l; MCL 211.78g(1). The Wayne County Treasurer had reason to know that the property was publicly owned during the tax years that led to the tax foreclosure, because the County was engaged in litigation with the State of Michigan concerning tax liability and other matters pertaining to the property. Further, prior to the property being sold to the respondent, a settlement of the litigation required removal and rescission of the assessments that were the basis for the foreclosure sale. [*Id*.]

The factual scenario in the instant case is similar to that in *In re Wayne County Treasurer*. The subject property here is statutorily exempt from taxation under the MCA, MCL 559.231(1), as discussed below, and should not have been subject to taxation in the first place. The foreclosing entity and purchasers at the sale had notice of this fact both from the two amended plans filed with the Register of Deeds and by the Treasurer's tax certifications. The taxation and the foreclosure were clearly the product of a mistake.

Defendants' complete reliance on the GPTA is therefore, misguided. The trial court properly viewed plaintiff's cause of action as an action in equity to quiet title by setting aside a prior judgment of foreclosure based on mistake. A trial court's decisions "concerning the meaning and scope of pleading[s] . . . are within the sound discretion of the trial court and reversal is only appropriate when the trial court abuses that discretion." *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). The use of equitable principles to set aside a foreclosure sale is proper in instances of fraud, accident, or mistake. *Freeman*, 241 Mich App at 637. In an equitable action to quiet title, a court "looks at the whole situation and grants or withholds relief

-6-

as good conscience dictates." *Michigan Nat'l Bank & Trust Co v Morren*, 194 Mich App 407, 410; 487 NW2d 784 (1992), quoting *Hunter v Slater*, 331 Mich 1, 7; 49 NW2d 33 (1951). "[A] cause sounding primarily in equity must be brought in the circuit court." *Paley v Coca Cola Co*, 39 Mich App 379, 383; 197 NW2d 478 (1972) aff'd sub nom. *Paley v Coca-Cola Co*, 389 Mich 583; 209 NW2d 232 (1973).[3]

### B. THE MICHIGAN CONDOMINIUM ACT

The defendants each received a quitclaim deed to the subject property. A quitclaim deed is "[a] deed that conveys a grantor's complete interest or claim in certain real property but that neither warrants nor professes that the title is valid." Black's Law Dictionary (9th ed.) p. 477. Indeed, the issuance of a tax deed by the treasurer is ministerial. *Fitschen v Olson*, 155 Mich 320, 324; 119 NW 3 (1909).

The subject properties were a part of a condominium project and, therefore subject to the MCA which both granted the association the right to sue co-owners, but also defined the subject units as common elements incapable of a divisible transfer. The MCA entitles the association of co-owners to pursue an action for injunctive relief based on a co-owner's "failure to comply with any of the terms or provisions of the condominium documents." MCL 559.206. " 'Condominium documents' means the master deed, recorded pursuant to this act, and any other instrument referred to in the master deed or bylaws which affects the rights and obligations of a co-owner in the condominium." MCL 559.103(10). The MCA defines "condominium unit" as a "portion of the condominium project designed and intended for separate ownership and use . . ." MCL 559.104(3). It defines "common elements" as "the portions of the condominium project other than the condominium units," MCL 559.103(7), and "limited common elements" as "a portion of the common elements reserved in the master deed for the exclusive use of less than all of the co-owners," MCL 559.107(2). "Except to the extent otherwise expressly provided by this act, the undivided interest in the common elements allocated to any condominium unit shall not be altered, and any purported transfer, encumbrance, or other disposition of that interest without the condominium unit to which it appertains is void." MCL 559.137(5).

The MCA mandates that "[s]pecial assessments and property taxes" be "assessed against the individual condominium units identified as units of the condominium subdivision plan and not the total property of the project or any other part of the project . . . " MCL 559.231(1). In this case, the identification of individual condominium units and garage units was apparent from the first amendment to the master deed adding property to the condominium project. The condominium subdivision plan recorded with and attached to the first amendment identified residential units 1 through 33, and separate plans for "Garage Unit 34" through "Garage Unit 49." The second amendment clearly defined the garage units as limited common elements with plain wording that the condominium project consisted of *"29 residential Units, numbered 1-29, and 16 Garage Units(erroneously classified as Units as opposed to Limited Common Elements)*

---

[3] "Circuit courts of this state have subject matter jurisdiction to issue declaratory rulings, injunctions, or writs of mandamus." Const 1963, art 6, § 3; MCL 600.605; *Citizens for Common Sense In Government v Attorney General*, 243 Mich App 43, 50; 620 NW2d 546 (2000).

*numbered 34-49, as described in Article VI, below."* The third amendment assigned the garages to the condominium units. The Affidavit of Facts Affecting Real Property, MCL 565.451a, also recorded, reiterated that the garage units could not be individually owned. The quitclaim deeds issued to defendants bore no reference to the second and third amendments, but the amendments were recorded as required, MCL 559.173, and therefore, effective, MCL 559.191. Defendants were bound by the recorded amendments whether they examined the record or not. Nevertheless, the first amendment, which was noted on the quitclaim deeds issued to defendants, should have led defendants to the apparent error that units 34 through 49 were garage units and as such could not be deeded separate from their condominium units.

The court determined from its own review of the real estate documents that the Treasurer's tax certification of the third amendment amounted to the Treasurer's admission that taxes were not delinquent and that the deeds were issued in error. This was a correct assertion. The fact that the third amendment to the master deed was tax certified on August 3, 2012, proves that taxes were not delinquent for years 2006 through 2010 as the Judgment of Foreclosure stated. The amendments to the master deed also clearly identified units 34 through 49 as garage units. The master deed defined limited common elements as those "appurtenant to, attached to or adjacent to the unit or units which they serve." Garages were also identified in the master deed as limited common elements in reference to their maintenance and repair. The court correctly determined that as limited common elements, the garage units could not be taxed separately from the condominium units. The court further rightfully concluded that because the limited common elements were not subject to taxation, they therefore, could not be subject to tax foreclosure. The court's reasoning is supported by the case of *Paris Meadows*, *LLC vCity of Kentwood*, 287 Mich App 136; 783 NW2d 133 (2010). In *Paris Meadows*, the Court held that the plain language of the MCA prohibits the separate taxation of common elements except through the condominium units.

## C. SETTING ASIDE THE JUDGMENT

The court properly set aside the Judgment of Foreclosure because it was void as a matter of law under the MCA because it purported to transfer an indivisible interest. MCL 559.137(5)[4]; *Paris Meadows*, *supra*. This conclusion was at the core of plaintiff's argument before the circuit court. Plaintiff's claim was never for the redemption of property after the redemption period had expired as defendants contend. Rather, plaintiff claimed that even after the statutory process was complete, defendants did not have title to any property based on the Treasurer's mistake. In other words, even after the foreclosure, defendants' deeds failed. A void judgment is "[a] judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally. From its inception, a void judgment continues to be absolutely null. It is incapable of being confirmed, ratified, or enforced in any manner or to any degree." Black's Law Dictionary (7th ed), p 848.

---

[4] "Except to the extent otherwise expressly provided by this act, the undivided interest in the common elements allocated to any condominium unit shall not be altered, and any purported transfer, encumbrance, or other disposition of that interest without the condominium unit to which it appertains is void." MCL 559.137(5).

"Relief must be granted if the judgment is void, and there is no time limit on attacking a void judgment." 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed.), p. 185. See also, *In re Adrianson*, 105 Mich App 300, 307; 306 NW2d 487 (1981).

Alternatively, appellants attack the circuit court's authority to change the prior judgment after the case was reassigned. Under MCR 2.613(B):

> A judgment or order may be set aside or vacated, and a proceeding under a judgment or order may be stayed, only by the judge who entered the judgment or order, unless that judge is absent or unable to act. If the judge who entered the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be entered by a judge otherwise empowered to rule in the matter.

"[T]he longstanding rule in Michigan [is] that a judge has no jurisdiction to review, modify, or vacate the judgment of another coequal judge." *Estes v Titus*, 273 Mich App 356, 365-66; 731 NW2d 119, 127 (2006) aff'd in part, vacated in part 481 Mich 573; 751 NW2d 493 (2008). A review of the record shows that Chief Judge Virgil C. Smith granted the Judgment of Foreclosure and Judge John A. Murphy set it aside. Initially, this would appear to be prohibited by MCR 2.613(B); however, when the judge who initially entered the judgment "is unable to act," another judge may vacate the order if that judge is "otherwise empowered to rule in the matter." MCR 2.613(B). We find that Judge Murphy was "otherwise empowered to rule," *id.*, in the instant case and therefore conclude that the order to set aside the Judgment of Foreclosure did not run afoul of MCR 2.613(b).

Under MCR 8.111(C)(1), the chief judge may reassign a case to another judge if the originally assigned judge "is disqualified or for other good cause cannot undertake [the] assigned case." MCR 8.111 also provides that a chief judge "may receive fewer assignments in order to perform the duties of chief judge," MCR 8.111(B), and may use his power to reassign cases "to control docket control problems resulting from the requirements of this rule," MCR 8.111(D)(4). In the instant matter, the case was initially assigned to Chief Judge Smith. However, Chief Judge Smith subsequently reassigned the case to Judge Murphy, thereby empowering Judge Murphy to rule in the matter. Accordingly, Judge Murphy's subsequent order setting aside the Judgment of Foreclosure did not run afoul of MCR 2.613(B). See *People v Watkins*, 178 Mich App 439, 448-449; 444 NW2d 201 (1989), rev'd on another ground 438 Mich 627 (1991), see also, *Estes v Titus*, 273 Mich App 356, 365, 731 NW2d 119, 127 (2006) aff'd in part, vacated in part, 481 Mich 573, 751 NW2d 493 (2008) ("MCR 2.613(B) provides that one judge may not set aside, vacate, or stay the judgment of another judge *unless acting as that judge's authorized successor or substitute* or is 'otherwise empowered' to act" [emphasis added]).

## D. RES JUDICATA AND COLLATERAL ESTOPPEL

Defendants also argue that the prior tax foreclosure proceedings constituted a prior action for res judicata and collateral estoppel purposes and precluded plaintiff from filing the instant suit against defendants. We disagree.

"Application of a preclusion doctrine represents a question of law that we review de novo." *Minicuci v Sci Data Mgt, Inc*, 243 Mich App 28, 34; 620 NW2d 657 (2000).

"The doctrine of res judicata was judicially created in order to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.' " *Hackley v Hackley*, 426 Mich 582, 584; 395 NW2d 906 (1986), quoting *Allen v McCurry*, 449 US 90, 94; 101 S Ct 411; 66 L Ed 2d 308 (1980). "Res judicata applies when (1) the prior action was decided on the merits, (2) the decree in the prior decision was a final decision, (3) both actions involved the same parties or their privies, and (4) the matter in the second case was or could have been resolved in the first." *Ditmore v Michalik*, 244 Mich App 569, 576; 625 NW2d 462 (2001). "Res judicata bars relitigation of claims that are based on the same transaction or events as a prior suit." *Id*. at 577.

Res judicata does not apply here for want of the third criterion. "A person is in privy to a party if, after the judgment, the person has an interest in the matter affected by the judgment through one of the parties, such as by inheritance, succession, or purchase." *Husted v Auto–Owners Ins Co*, 213 Mich App 547, 556; 540 NW2d 743 (1995). Because the judgment in this case was void, defendants held no interests as a result of it. See *Seymour v Wallace*, 121 Mich 402, 405; 80 NW 242 (1899) ("In this case the defendant is not a privy to the judgment, unless he can be said to hold the property subordinately to this claim; and that necessarily depends upon the validity of the claim[.]").

"Generally, for collateral estoppel to apply three elements must be satisfied: (1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.' " *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004), quoting *Storey v Meijer, Inc*, 431 Mich 368, 373 n. 3; 429 NW2d 169 (1988) (footnote omitted). Like the doctrine of res judicata, "[c]ollateral estoppel is designed to avoid relitigation of claims, and to prevent vexation, confusion, chaos and the inefficient use of judicial resources[.]" *Bd of Co Rd Com'rs for Co of Eaton v Schultz*, 205 Mich App 371, 377; 521 NW2d 847 (1994).

Collateral estoppel is also inapplicable here where defendants cannot satisfy the first two criteria. First, as stated prior, the Judgment of Foreclosure was not a valid judgment. *Duncan v State Hwy Com'n*, 147 Mich App 267, 270; 382 NW2d 762 (1985). Second, defendants were not parties to the prior foreclosure action. "A party is one who was directly interested in the subject matter and had a right to defend or to control the proceedings and to appeal from the judgment . . . ." *Rental Properties Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 529; 866 NW2d 817 (2014) app den sub nom. *Rental Properties Owners Ass'n of Kent Co, 3830 G, LLC v Kent Co Treasurer*, 498 Mich 853; 865 NW2d 19 (2015).

## IV. DISCOVERY

Defendants finally argue that the circuit court erred in not holding a hearing to settle their motion to compel discovery and that they were prejudiced by not being able to complete discovery when issues of disputed fact remained. We disagree.

This Court reviews a trial court's grant or denial of discovery for an abuse of discretion. *Reed Dairy Farm v Consumers Power Co*, 227 Mich App 614, 616; 576 NW2d 709 (1998). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

In *VanVorous v Burmeister*, 262 Mich App 467, 476-477; 687 NW2d 132, 139 (2004), overruled in part on other grounds by *Odom v Wayne Co*, 482 Mich 459; 760 NW2d 217 (2008), this Court noted:

> Although incomplete discovery generally precludes summary disposition, summary disposition may nevertheless be appropriate if there is no disputed issue before the court or if further discovery does not stand a fair chance of finding factual support for the nonmoving party.

"A motion to compel discovery is a matter within the trial court's discretion . . . " *Linebaugh v Sheraton Michigan Corp*, 198 Mich App 335, 343; 497 NW2d 585, 589 (1993).

The sole disputed issue in this case was the parties' interests in the property. The court resolved the dispute in its grant of summary disposition. The court granted summary disposition to plaintiff under MCR 2.116(I)(2) after it became apparent to the court that the properties taxed in this case were limited common elements. Limited common elements are not, apart from their respective condominium units, subject to taxation and therefore, not subject to tax foreclosure for the same reason. *Paris Meadows*, 287 Mich App at 147. Further discovery by defendants would not uncover any facts to change this result.

Defendants also argue that they were prejudiced by the court's failure to grant their discovery request when disputed issues of fact still existed. Defendants' argument on this point is one sentence and conclusory. "[A] party opposing a motion for summary disposition because discovery is not complete must provide some independent evidence that a factual dispute exists." *Michigan Nat'l Bank v Metro Institutional Food Service, Inc*, 198 Mich App 236, 241; 497 NW2d 225 (1993). Defendants do not identify the facts that were in dispute that required further discovery, nor do they argue how further discovery might uncover support for their position. *Peterson Novelties, Inc, v City of Berkley*, 259 Mich App 1, 25; 672 NW2d 351 (2003). Similarly, defendants do not explain how they are "highly prejudiced" from the lack of further discovery.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens