REID v. RYLANDER.

1. MORTGAGES—FORECLOSURE SALE—VALIDITY—SUMMARY PROCEEDINGS.

Mortgagors, claiming that foreclosure sale of trust mortgage by advertisement was invalid, may test the validity of procedure by holding over after expiration of redemption period and raising the issue in summary proceedings, insofar as the invalidity appears in the procedure.

2. FORCIBLE ENTRY AND DETAINER—ISSUES NOT TRIABLE.

The triable issues in a summary proceeding to obtain possession of land do not include those relating to the underlying equities, if any, bearing on the instrument under which foreclosure was had, the legal capacity of the mortgagee as trustee, accounting to determine the amount due and other matters wholly *de hors* the record.

3. Same—Mortgages—Burden of Proof.

Burden in summary proceedings brought after foreclosure of trust mortgages by advertisement is upon plaintiff to establish his right to possession by evidence of compliance with every statutory provision as to such foreclosure.

4. Same—Trustee's Appointment Not to Be Questioned in Summary Proceedings.

In summary proceedings, mortgagors may not question appointment of plaintiff as sole successor trustee where he had possession of principal note, payable to bearer, secured by trust mortgage at time of foreclosure sale.

5. Acknowledgment—Notaries—Seal—Certificate of Clerk of Court of Record.

Acknowledgment of notary in another State, to which was attached his official seal, *held*, sufficient, without addition of certificate of clerk of a court of record (3 Comp. Laws 1929, § 13333).

6. Mortgages—Foreclosure of Trust Mortgage by Advertisement.

Trust mortgage, containing power of sale but without retention of any but ordinary beneficial interest in mortgagors, *held*, subject to foreclosure by advertisement (3 Comp. Laws 1929, § 14425).

7. Forcible Entry and Detainer—Underlying Equities.

In summary proceedings by trustee after foreclosure of trust mortgage by advertisement, parol evidence offered by mortgagors tending to show they were trustees holding title for others *held*, properly excluded, since they may not impeach their own title by a showing of underlying equities.

8. Mortgages—Underlying Equities—Summary Proceedings.

Remedy of owners of equitable interests, if there be such underlying that of trust mortgagor, is not at command of the mortgagor nor available in summary proceedings after foreclosure by advertisement.

9. Same—Foreign Corporations Not Admitted to Do Business—Summary Proceedings—Equity.

Showing by mortgagor that original loan secured by trust mortgage was made by foreign corporation which had not been admitted to do business in this State *held*, properly excluded in trial of summary proceeding in circuit court on appeal from

circuit court commissioner, such showing being permissible, however, under a bill in equity to cancel the mortgage and set aside the foreclosure sale on such ground but necessitating that mortgagors tender repayment of money actually received with legal interest.

10. Forcible Entry and Detainer—Parties.

In summary proceedings by successor trustee after foreclosure of trust mortgage by advertisement, claim that foreign corporation which originally furnished mortgage money transacted business in this State without permission *held,* without merit since real party in interest in such proceeding is present owner of note payable to bearer which was secured by the trust mortgage.

11. Mortgages—Successor Trustees—Assignees of Foreign Corporation.

Duly appointed successor trustee under trust mortgage who, also, held note payable to bearer secured by mortgage which ran to foreign corporation which had not been admitted to do business in this State as original trustee was not an assignee within meaning of statute rendering unenforceable the contract rights of foreign corporations not permitted to do business within this State and their assignees.

12. Same—Foreclosure by Trustee on His Own Initiative.

Fact that trust mortgage provided that trustee should proceed to foreclose mortgage upon default at the direction of the holder of the principal note which was payable to bearer did not prevent trustee doing so on his own initiative in case of default.

13. Forcible Entry and Detainer—Accounting Not in Issue.

In summary proceeding following foreclosure of trust mortgage by advertisement, accounting to determine the amount due under the terms of the mortgage *held,* a question beyond the jurisdiction of the circuit court commissioner and the circuit court upon appeal, where amount of bid at foreclosure sale was less than the amount of the principal note and no redemption was sought.

Appeal from Wayne; Miller (Guy A.) and Webster (Clyde I.), JJ., presiding. Submitted October 12, 1934. (Docket No. 106, Calendar No. 38,054.) Decided January 29, 1935.

Summary proceedings before circuit court commissioner by D. Neil Reid, trustee, against John V. Rylander and wife to recover possession of land. Judgment for plaintiff. Defendants appealed to circuit court. Directed verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Reid & Young (Fred G. Dewey,* of counsel), for plaintiff.

*Louis Smilansky,* for defendants.

WIEST, J. Plaintiff, sole successor trustee under a (deed of trust) mortgage of real estate, containing power of sale under foreclosure, "as provided by law," foreclosed by advertisement, bid in the property at the sale, received a sheriff's deed and, at expiration of the period of redemption, brought a summary proceeding before a circuit court commissioner to obtain possession. Defendants pleaded not guilty but not appearing at the hearing plaintiff was awarded possession of the premises.

Defendants took an appeal to the circuit court and, upon trial there, attacked the validity of the mortgage and its foreclosure by advertisement; contended that plaintiff was not appointed trustee in accordance with the provisions of the mortgage; the advertisement of sale did not show his right to foreclose as successor trustee; the real party in interest is a foreign corporation never authorized to transact business in this State; and an excessive amount was claimed to be due and plaintiff has not paid the excess to the officer making the sale. The circuit judge held most of the mentioned defenses unavailable in the summary proceeding.

Defendants, upon appeal, invoke our holding in *Reid* v. *Nusholtz,* 264 Mich. 221, where we said:

"There were three methods of procedure available to defendants after foreclosure (by advertisement). They could waive irregularities and invalidity of the sale and sue in assumpsit for the $40,000 surplus which they claimed was in the hands of the trustee. They could file a bill and have the sale set aside, or, which was equivalent thereto, hold over after redemption had expired and test the validity of the sale in the summary proceedings."

We again hold that validity of the sale may be tested in a summary proceeding based thereon, insofar as invalidity thereof appears in the procedure, but underlying equities, if any, bearing on the instrument, legal capacity of the mortgagee or trustee, and other matters, wholly *de hors* the record, inclusive of an accounting to determine the amount due, cannot be made triable issues in a summary proceeding.

The burden was on plaintiff to establish his right to possession, and this required evidence of compliance with every statutory provision relative to foreclosure by advertisement.

The deed of trust or mortgage was executed by defendants on January 1, 1930, to secure payment to bearer of a note for $46,200 in instalments, and attached to the note were coupons representing interest and instalments of the principal. The deed of trust or mortgage contained power of sale, ran to J. E. Meredith of Detroit and to the Union Trust Company of Maryland, as trustees, and expressly empowered them, or either of them, if the sole remaining trustee or the holder or owner of the principal note, to appoint a successor trustee. Mr. Meredith resigned as trustee on June 5, 1931, and the Mortgage Security Corporation of America, "as holder or owner of 60 per cent. of the first series notes secured by * * * deed of trust" or mortgage,

appointed plaintiff trustee in the place and stead of Mr. Meredith. This appointment was acknowledged before a notary public in the State and county of New York, with official notary seal attached, and was recorded in the office of the register of deeds for Wayne county on June 18, 1931. On the 9th day of May, 1932, the Union Trust Company of Maryland resigned as trustee.

Defendants contend that the appointment of plaintiff could not be authorized by the holder of 60 per cent. of the principal note secured by the mortgage.

At the time of the foreclosure sale the trustee had the principal note, payable to bearer, and the mortgagors, in this kind of a proceeding, may not question his appointment as sole successor trustee. Plaintiff was not an assignee.

Defendants also attack the certificate of the New York notary on the ground that his official character was not certified by the clerk of a court of record. It was sufficient for the officer taking the acknowledgment to attach thereto the seal of his office. See 3 Comp. Laws 1929, § 13333.

Was foreclosure by advertisement permissible? The instrument provided:

"And upon any default in the terms of this mortgage and trust the second parties, their survivor and successor or successors, shall, at the direction of the holder or holders of the principal note herein described, proceed with the foreclosure of this (deed of trust) mortgage as provided by law; and the said first parties do hereby empower and authorize the said second parties, their survivor and successor or successors, to grant, bargain, sell, release and convey the said premises with the appurtenances at public auction or vendue and on such sale, to make and execute to the purchaser or purchasers, his, her or their heirs and assigns, forever, good, ample and

sufficient deed or deeds of conveyance in law, pursuant to the statute in such case made and provided.''

The statute, 3 Comp. Laws 1929, § 14425, provides:

''Every mortgage of real estate, containing therein a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner hereinafter specified.''

The trust deed or mortgage, with its power of sale, and without retention of beneficial interest by the mortgagors beyond that of ordinary mortgagors, was in its legal effect but a mortgage and subject to foreclosure by advertisement under the provisions of the statute.

At the trial defendants sought, by parol evidence, to impeach their covenant of ownership by a showing that they were only trustees holding title for others, and claimed this was made known at the time of the execution of the instrument. The court excluded the evidence, holding it involved an issue not triable in the summary proceeding. Defendants could not, in this proceeding, impeach their own mortgage and, if others have equities superior to the mortgage, their remedy is not at the command of defendants but at their own instance and in another forum.

Defendants sought to show that a foreign corporation, not authorized to transact business in Michigan, originally furnished the mortgage money, and this the court excluded. Had defendants filed a bill to set aside the foreclosure and cancel the mortgage then, under *Windisch* v. *Mortgage Security Corp. of America,* 254 Mich. 492, no relief could have been obtained without offer to do equity by tender of re-

payment of money actually received incident to the loan and interest at the legal rate thereon.

There is no merit in the claim relative to a foreign corporation transacting business in this State without permission.

In *Conrad* v. *Rarey,* 125 Ohio St. 326 (181 N. E. 444), this question was presented and found to be without merit. In that case a successor trustee brought suit in Ohio to foreclose a deed of trust or mortgage securing notes payable to bearer. It was contended that:

"The Mortgage Security Corporation of America was the real lender and party in interest, and that neither it nor the Union Trust Company of Maryland, both being foreign corporations for profit, had complied with General Code, § 178, by applying to, and receiving from, the secretary of State a certificate showing compliance with the provisions of said section before doing business in the State of Ohio."

The court stated:

"In its inception there were three parties to this contract, viz.: The Virginia corporation, which loaned the money through its local agent at Columbus; the borrower, Pat Ann Rarey, who executed the mortgage in Ohio on her Ohio lands; and the Maryland corporation, who acted as trustee, holding title as such for the security of the mortgage notes or bonds. While it is true there were but three parties to the transaction of borrowing and lending, at its inception, there now appear to be other parties who are represented by the present trustee; they are the parties who had no part in the original transaction, and who are now the real parties in interest, being the note holders. * * *

"General Code, § 5508, provides that contracts made by a foreign corporation before it shall have complied with General Code, § 178, 'shall be wholly void on its behalf and on behalf of its assigns, but

shall be enforceable against it or them.' That section does not attempt to penalize all parties to the contract. It only penalizes the foreign corporation and the assignee of its own contract.   *   *   *   The gravamen of this action is the obligation arising between the mortgage debtors and the note holders or their trustee who is authorized to enforce that obligation by suit.   *   *   *

"These notes were notes payable to bearer and needed no assignment or indorsement to pass title. It would be a strained construction to hold that the owners of the notes or coupons are *'assignees'* within the purview of the statute."

Defendants also contend that the trustee could not act "without explicit and direct instructions from the holder of the principal note as provided by the terms of the trust deed (mortgage)." We do not so construe the provision in the instrument. We think that its purpose was to compel the trustee to act but not to prevent his taking action on his own initiative in case of default.

Defendants also assert that the amount claimed in the notice of sale was in excess of the balance due and the property was struck off for an excessive amount, and such excessive amount was not paid to the officer making the sale. The property was bid in for less than the amount of the principal note and whether this was in excess of the amount then due under the terms of the mortgage was a question beyond the jurisdiction of the circuit court commissioner or the circuit court upon appeal. No redemption was sought. We find no error.

Judgment affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.