PENN MUTUAL LIFE INS. CO. *v.* BURGE.

SAME *v.* JONES.

SAME *v.* FRYE.

FORCIBLE ENTRY AND DETAINER—TRIABLE ISSUES.
In summary proceedings to obtain possession of apartments by purchaser at sale after foreclosure of trust mortgages by advertisement, judgment for plaintiff is affirmed where the sole issue as stipulated was whether or not the foreclosure proceedings were valid, the case being governed by *Reid* v. *Rylander,* 270 Mich. 263.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 7, 1935. (Docket No. 57, Calendar No. 38,433.) Decided September 9, 1935.

Three separate summary proceedings before circuit court commissioner by Penn Mutual Life Insurance Company, a foreign corporation, against Ira Burge and wife, John Jones and wife and Herman Frye and wife to obtain possession of apartments. Complaints dismissed. Plaintiff appealed to circuit

court.   Cases consolidated.   Judgment for plaintiff.
Defendants appeal.   Affirmed.

*Bulkley, Ledyard, Dickinson & Wright* (*George Haggarty* and *Max L. Veech,* of counsel), for plaintiff.

*David M. Miro,* for defendants.

Potter, C. J.   Plaintiff, the Penn Mutual Life Insurance Company, a foreign corporation, began summary proceedings before a circuit court commissioner to acquire possession of three separate apartments in the city of Detroit.   Defendants answered and denied plaintiff's right of possession, that they were tenants of plaintiff; alleged plaintiff had instituted foreclosure proceedings of a mortgage on the premises executed by the mortgagor to one Francis P. Butler, trustee, to secure the payment of the several promissory notes of the mortgagor to the Penn Mutual Life Insurance Company; denied that Butler, as trustee, had any interest in the mortgage; alleged the foreclosure of the mortgage by Butler, as trustee, was invalid, and that plaintiff paid the purchase price upon the mortgage foreclosure sale by surrender of the mortgage given to Butler as trustee, by him; alleged the plaintiff did not thereby become the owner of the premises and the landlord of defendants, but the former owner continued as such, the title to the premises not being divested of the mortgage foreclosure proceedings. The circuit court commissioner dismissed the several complaints.   Appeal was taken to the circuit court. By stipulation between the parties, the three cases were consolidated.

Butler was an officer of Peabody, Houghteling & Company, and acted as trustee in the taking of mortgages.   Plaintiff advanced and paid out the

money for the mortgages.   The stipulation pro-
vided:

"The sole question in issue in the pending cases is
the validity of the advertisement mortgage fore-
closure under which the plaintiff, the Penn Mutual
Life Insurance Company, claims title to possession
of the premises, which are the subject of this suit.
It is stipulated that the bills of complaint filed before
the circuit court commissioner to recover possession,
and which were in that court dismissed, were well
founded, if this court determines that the adver-
tisement foreclosure proceedings under which the
Penn Mutual Life Insurance Company claims title
are valid.   It is stipulated that in the event the
advertisement mortgage foreclosure proceedings are
held invalid that the bills of complaint to recover
possession before the commissioner were ill-founded.
In other words, the parties agree and stipulate that
the sole question at issue here is the validity of
the advertisement foreclosure and that all of the
other rights of the parties fall or stand upon the
finding of the court in that regard."

The trial court rendered a judgment in favor of
plaintiff, and defendants appeal.

It is unnecessary to discuss at length the legal
questions involved.   They were settled in *Reid* v.
*Rylander,* 270 Mich. 263.

Judgment of the trial court is affirmed, with costs.

Nelson Sharpe, North, Fead, Wiest, Butzel,
Bushnell, and Edward M. Sharpe, JJ., concurred.