# STATE OF MICHIGAN

# COURT OF APPEALS

MORGAN STANLEY MORTGAGE HOME
EQUITY LOAN TRUST 2005-1, by Trustee
DEUTSCHE BANK NATIONAL TRUST
COMPANY,

UNPUBLISHED
October 16, 2014

Plaintiff-Appellant,

v

No. 316181
St. Clair Circuit Court
LC No. 12-003012-AV

MICHAEL J. LIEBETREU and SUSAN M.
LIEBETREU,

Defendants-Appellees.

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

This appeal arises from an eviction action filed by plaintiff, Morgan Stanley Mortgage Home Equity Loan Trust 2005-1, through its trustee, Deutsche Bank National Trust Company (Deutsche Bank), against defendants Michael J. Liebetreu and Susan M. Liebetreu. The 73rd District Court initially entered a judgment of eviction. Defendants appealed to the circuit court, which granted defendants summary disposition and dismissed the eviction action. This Court granted plaintiff's application for leave to appeal. We reverse.

## I. STANDARD OF REVIEW

We review de novo a lower court's summary disposition ruling. *Payne v Farm Bureau Ins*, 263 Mich App 521, 525; 688 NW2d 327 (2004). Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) and (10). The district court and the circuit court apparently relied on MCR 2.116(C)(10) because they considered evidence beyond the pleadings. A motion brought pursuant to MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621. "A genuine issue of material fact

-1-

exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183. We also review de novo "[w]hether a party has legal standing to assert a claim." *Heltzel v Heltzel*, 248 Mich App 1, 28; 638 NW2d 123 (2001).

## II. STANDING

Plaintiff first challenges the extent of defendants' standing to challenge the foreclosure by advertisement in this post-redemption eviction action. The district court and the circuit court both correctly found that defendants had standing to raise their contentions regarding the validity of the foreclosure sale. As this Court summarized in *Manufacturers Hanover Mtg Corp v Snell*, 142 Mich App 548, 553-554; 370 NW2d 401 (1985):

> The Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding. *Reid v Rylander*, 270 Mich 263, 267; 258 NW 630 (1935); *Gage v Sanborn*, 106 Mich 269, 279; 64 NW 32 (1895). Otherwise, the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale. [*Reid*, 270 Mich at 267]. The mortgagor may raise whatever defenses are available in a summary eviction proceeding. MCL 600.5714 . . .; [*Fed Nat'l Mtg Ass'n v Wingate*, 404 Mich 661, 676 n 5; 273 NW2d 456 (1979).] The district court has jurisdiction to hear and determine equitable claims and defenses involving the mortgagor's interest in the property. MCL 600.8302(3) . . . . [Some citations omitted.]

As reflected in defendants' response to plaintiff's motion for summary disposition, they characterized the foreclosure as violating MCL 600.3204 on several grounds, including: (1) that they did not receive notice of a default in their modified loan as required by MCL 600.3204(4)(a) and MCL 600.3205a[1]; (2) that the party initiating the foreclosure was not "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage," MCL 600.3204(1)(d); and (3) that no "record chain of title" existed from the original mortgagee to the party that foreclosed, MCL 600.3204(3). We conclude that because the defenses that defendants raised to the eviction complaint attacked the statutory validity of the foreclosure under MCL 600.3204, the district court and the circuit court correctly ruled that defendants had standing to raise them.

## III. FORECLOSING PARTY

Defendant next argues that the circuit court erred in concluding that because the names of the attorneys for Chase Home Finance, the mortgage loan servicer, appeared in the published and posted foreclosure notices and the notice of default mailed to defendants, plaintiff was not the

---

[1] The relevant proceedings underlying the appeal occurred before the Michigan Legislature repealed MCL 600.3205a pursuant to 2012 PA 521, effective June 30, 2013.

foreclosing party pursuant to MCL 600.3204. This Court considers de novo legal questions inherent in statutory construction. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 278; 831 NW2d 204 (2013). In *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002), our Supreme Court restated the guiding principles governing statutory interpretation:

> When faced with questions of statutory interpretation, our obligation is to discern and give effect to the Legislature's intent as expressed in the words of the statute. We give the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous. Where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. [Internal quotation and citation omitted.]

Among the prerequisites to a valid foreclosure by advertisement proceeding, the Legislature included the following:

> (1) Subject to subsection (4), a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> * * *
>
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.
>
> * * *
>
> (3) If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under Section 3216, evidencing the assignment of the mortgage to the party foreclosing the mortgage. [MCL 600.3204.]

The circuit court erred in ruling that Chase Home Finance, an undisputed servicing agent of defendants' mortgage debt, constituted the foreclosing party for purposes of MCL 600.3204. The notices of the mortgage foreclosure sale published on August 14, 2009, August 21, 2009, August 28, 2009, and September 4, 2009, and the sale notice posted at the property on August 22, 2009, all contained the same language. The notices advised defendants of a default "in the conditions of a mortgage" they gave "to First NLC Financial . . . dated September 21, 2004, and recorded on October 8, 2004," which was "assigned by mense assignments to Deutsche Bank National Trust Company, as trustee for Morgan Stanley Mortgage Home Equity Loan Trust 2005-1 as assignee as documented by an assignment" in the St. Clair County records. The notices also noted the amount of the default, identified a power of sale clause in the mortgage, and the date of the sheriff's sale. The notices nowhere mentioned Chase Home Finance, although they stated at the bottom: "For more information, please call . . . Trott & Trott, P.C., Attorneys For Servicer."

Because all five of the posted and published notices of the foreclosure sale specifically listed as a potential interested party only the current mortgage assignee, Deutsche Bank as trustee for plaintiff, the circuit court erred in reversing the district court's grant of summary disposition on the basis that Chase Home Finance was the foreclosing party. And because the documentary evidence establishes that plaintiff currently holds the most recent, recorded assignment of the mortgage, it qualified as a proper foreclosing party under the plain language of MCL 600.3204(3).[2] Even assuming that the circuit court correctly identified Chase Home Finance as the foreclosing party as a matter of law, reversal of the circuit court order dismissing the eviction action is warranted because, as discussed in section IV, *infra*, defendants did not establish the prejudice necessary to set aside the foreclosure by advertisement.[3]

## IV. PREJUDICE

The parties lastly contest the extent to which defendants established that defects in the foreclosure by advertisement prejudiced defendants. The parties agree that the circuit court incorrectly ruled that the violation of MCL 600.3204(3) rendered the proceeding void *ab initio*. In *Fed Home Loan Mtg Ass'n v Kelley (On Reconsideration)*, ___ Mich App ___; ___ NW2d ___ (Docket No. 315082, issued August 26, 2014), this Court reversed a circuit court's finding that a violation of MCL 600.3204(3) rendered void *ab initio* a statutory foreclosure. Slip op at 7. This Court explained that,

> "to set aside the foreclosure sale, [the homeowner] must show that they were prejudiced by [the mortgagee's] failure to comply with MCL 600.3204. To demonstrate such prejudice, [the homeowner] must show that they would have been in a better position to preserve their interest in the property absent [the mortgagee's] noncompliance with the statute." [*Id.*, slip op at 7-8, quoting *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115-116; 825 NW2d 329 (2012).]

---

[2] Plaintiff also qualified as a proper foreclosing party pursuant to MCL 600.3204(1)(d). As our Supreme Court explained in *Residential Funding Co, LLC v Saurman*, 490 Mich 909, 910; 805 NW2d 183 (2011):

> [T]he Legislature's use of the phrase "interest in the indebtedness" to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who "own[ ] the indebtedness" and parties who act as "the servicing agent of the mortgage."

[3] Plaintiff incorrectly argues that the circuit court erred in ignoring the district court's factual findings that plaintiff was the foreclosing mortgagee. This argument ignores that appellate court's review de novo a lower court's summary disposition ruling. *Payne*, 263 Mich App at 525.

"This Court [similarly] has held that a defect in notice renders a foreclosure sale voidable, not void." *Sweet Air Inv, Inc v Kenney*, 275 Mich App 492, 502; 739 NW2d 656 (2007) (internal quotation and citation omitted).

Defendants insist that they endured prejudice from the defects in the foreclosure, which occurred without notice to defendants or any breach of their loan modification agreement. Defendants also insist that in light of the additional averments in their affidavit that Chase Home Finance advised them to cease payments toward their loan modification so it could alter the modification's terms, the district court ignored questions of fact regarding a violation of MCL 600.3204(4)(e), a waiver of entitlement to payment, and Chase Home Finance's breach of the modification agreement.

We reject that defendants have substantiated a genuine issue of material fact regarding their contention that they did not breach their loan modification agreement.[4] In their affidavit, defendants conceded that they made no payments toward their loan modification for approximately two years, and plaintiff introduced the January 2009 loan modification, which contemplated that as of January 1, 2009, defendants would pay monthly principal and interest totaling approximately $1,787. Furthermore, defendants offered no written evidence of a valid, second mortgage loan modification. MCL 566.106[5]; MCL 566.132(2)(b).[6]

---

[4] MCL 600.3204(4)(e) formerly precluded the commencement of a foreclosure by advertisement if "[t]he mortgagor and mortgagee have agreed in writing to modify the mortgage loan and the mortgagor is not in default under the modified agreement."

[5] MCL 566.106 provides:

> No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

[6] MCL 566.132 states, in pertinent part:

> (2)    An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> * * *
>
> (b)    A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

We likewise reject defendants' additional argument that a question of fact existed regarding "the issue of whether . . . a forged assignment of [the] mortgage bears on the validity of the foreclosure sale." Defendants suggest that First NLC Financial did not validly assign its mortgage interest to Deutsche Bank because the assignment bore a forged signature of a representative of First NLC Financial., Thomas Czochanski. The maker of a negotiable instrument or note generally may not challenge the validity of a subsequent assignment to which the maker was not a party. *Bowles v Oakman*, 246 Mich 674, 678-679; 225 NW 613 (1929).[7] Defendants cite *Talton v BAC Home Loans Servicing LP*, 839 F Supp 2d 896, 907 (ED Mich, 2012), in support of the proposition that a mortgagor may challenge compliance with MCL 600.3204, "based on an argument that because the assignment was invalid (for example, because it was a forgery), the purported mortgage-holder did not actually hold the mortgage and therefore was not entitled to foreclose." In this case, however, defendants have not specifically challenged that plaintiff actually holds its recorded mortgage assignment, and the record reveals no likelihood that defendants remain at risk of having to twice pay the debt secured by the mortgage. *Bowles*, 246 Mich at 677-678; *Talton*, 839 F Supp 2d at 907. Defendants thus have not established a genuine issue of fact regarding the alleged forgery of the assignment to Deutsche Bank.

Concerning the lack of notice of the foreclosure proceeding that defendants alleged in an affidavit, we will assume that the foreclosure by advertisement qualified as defective or irregular because defendants had no notice of the foreclosure. We also assume that Chase Home Finance improperly acted as the foreclosing party in violation of MCL 600.3204(3). In *Sweet Air Inv*, 275 Mich App at 503, this Court found no prejudice arising from a defect in notice because the defendants did "not timely challeng[e] the validity of the foreclosure sale," "they made no effort to redeem or take any action until well after the redemption period had run," and they "waited until plaintiff instituted proceedings to evict them before they took any action to challenge the foreclosure sale," all circumstances present in this case. Moreover, defendants acknowledged that they failed to make payments toward their January 2009 loan modification for approximately two years, they introduced no written evidence of a second, enforceable loan modification, and they made no showing that they could have obtained funding that would have permitted them to outbid plaintiff at the sheriff's sale. We conclude that defendants have not established "that they would have been in a better position to preserve their interest in the property absent . . . [any] failure to comply with MCL 600.3204." *Kim*, 493 Mich at 116.

Reversed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause

---

[7] See also MCL 440.3305(3) (stating that "in an action to enforce the obligation of a party to pay the instrument, the obligor may not assert against the person entitled to enforce the instrument a defense, claim in recoupment, or claim to the instrument in section 3306 of another person").