# STATE OF MICHIGAN

# COURT OF APPEALS

BANK OF NEW YORK MELLON, formerly
known as BANK OF NEW YORK AS TRUSTEE,

Plaintiff-Appellant,

v

ROBERT L. CARMACK,

Defendant-Appellee.

UNPUBLISHED
September 22, 2015

No. 321840
Wayne Circuit Court
LC No. 13-013058-AV

Before: K.F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Plaintiff appeals by leave granted a circuit court order reversing the district court's judgment of possession entered in favor of plaintiff, and remanding this matter to the district court for an eviction trial. We reverse the circuit court and reinstate the judgment of possession entered by the district court in plaintiff's favor.

This litigation follows a foreclosure action that was challenged by defendant, Robert Carmack, in federal court, as explained by our Sixth Circuit Court of Appeals:

> In October 2001, Carmack obtained a mortgage loan from Countrywide Home Loans (Countrywide or Lender) to finance his purchase of property in Woodhaven, Michigan. He executed a promissory note in the amount of $348,000 and granted a mortgage against the property to Mortgage Electronic Registration Systems (MERS) in its capacity as "nominee for Lender and Lender's successors and assigns." The mortgage granted MERS, its successors and assigns the power of sale as to the property for the purpose of securing the loan's repayment. In January 2002, the mortgage was recorded with the Wayne County Register of Deeds.
>
> Thereafter, the note was transferred to a securitized trust named CWALT, Inc. Alternative Loan Trust 2005–J12 Mortgage Pass–Through Certificates, Series 2005–J12 (the "CWALT Trust"), which is governed by a pooling and serving agreement. In October 2009, MERS, in its capacity as nominee for "Lender and Lender's successors and assigns," assigned the mortgage to The Bank of New York Mellon ("BNYM"), which accepted the mortgage in its role as trustee for

-1-

the CWALT Trust. In November 2009, this assignment was recorded with the Wayne County Register of Deeds.

Meanwhile, Carmack defaulted on his loan payments. BNYM issued a notice of mortgage foreclosure sale by advertisement. On September 7, 2011, the property was sold at a sheriff's sale, at which BNYM purchased the property with a credit bid of $503,456.08. Later that month, the sheriff's deed was recorded with the Wayne County Register of Deeds.

In March 2012, Carmack filed this action in Michigan state court against BNYM, as well as his original lender, Countrywide, and the loan servicer, Bank of America (collectively, Defendants). He asserted a wrongful foreclosure claim against BNYM, seeking a declaration that the assignment of the mortgage and sheriff's deed are void *ab initio*, as well as an order setting aside the foreclosure sale and vesting title in his favor. Defendants removed the case to federal court on diversity grounds. In June 2012, the district court granted Defendants' motion to dismiss, concluding that, because Carmack failed to redeem his property within the statutory redemption period and his allegations do not fall within the clear showing of fraud or irregularity exception under Michigan law, he failed to allege a plausible claim that the foreclosure sale should be set aside. *Carmack v. The Bank of N.Y. Mellon*, No. 12-cv-11669, 2012 WL 2389863 (E.D. Mich. June 25, 2012). Carmack timely appealed [to the United States Court of Appeals for the Sixth Circuit]. [*Carmack v Bank of New York Mellon*, 534 F Appx 508, 509-510 (CA 6, 2013) (footnote omitted).]

The Sixth Circuit affirmed the district court's holding, reasoning that "Carmack's claims challenging the mortgage assignment [to plaintiff], which are his grounds for alleging fraud or irregularity in the foreclosure-by-advertisement process, are without merit." *Id.* at 513.

Thereafter, plaintiff instituted summary proceedings in the Thirty-Third District Court seeking a judgment of possession for the subject property. Following a hearing on the matter, the district court granted a judgment of possession in plaintiff's favor, holding that plaintiff acquired a valid Sheriff's Deed, the redemption period expired, and defendant fully litigated his challenges to the foreclosure in the federal court.

Defendant appealed the district court's decision to the circuit court. Defendant argued that plaintiff was not the foreclosing entity; rather, Bank of America was the foreclosing entity, but it was never assigned the mortgage as required under MCL 600.3204(3). Plaintiff was assigned the mortgage, but the mandatory written notice of foreclosure served on defendant pursuant to MCL 600.3205a stated that the foreclosing party was "BAC Home Loans Servicing, L.P.," not plaintiff. Thus, defendant argued, only BAC Home Loans Servicing, which became Bank of America, could complete the foreclosure and only Bank of America had standing to evict him from the property following the "fake foreclosure." Defendant also argued that he had standing to raise these claims challenging the validity of the foreclosure sale in this summary proceeding even though the redemption period expired. See *Reid v Rylander*, 270 Mich 263, 267; 258 NW 630 (1935). And res judicata did not bar his claims, defendant argued, because MCL 600.3205a(5) states that a challenge to the notice provided by the foreclosing entity must

be brought in the circuit court for the county where subject property is located, not in the federal court.

Plaintiff argued that, under MCL 600.3204, if there is a change in mortgagee after the notice was provided to defendant, there must be an assignment by the time of the sale which occurred in this case. Here, BAC Home Loans Servicing, which became Bank of America, was the loan servicer for Mortgage Electronic Registration Systems, Inc., the holder of the mortgage. But before the sheriff's sale, the mortgage was assigned from MERS to plaintiff; thus, there was no statutory violation. In any case, plaintiff argued, res judicata applied to bar all of defendant's challenges to the foreclosure because any such issues were, or could have been, litigated in the federal court. Moreover, plaintiff argued, the issues defendant raises on appeal were not raised in the court presiding over the summary proceeding; thus, they were not preserved.

The circuit court agreed with defendant, holding that it was unclear whether he received proper notice under MCL 600.3205a because the letter did not state that plaintiff was the foreclosing entity. Further, plaintiff failed to show the required chain of title as set forth in MCL 600.3204. That is, there were deficits in the foreclosure proceeding. The circuit court also held that res judicata did not apply because these issues were not previously addressed and this was an eviction proceeding. Accordingly, the circuit court remanded this matter to the district court for an eviction trial, which was to be limited to the issue whether the foreclosure notice on behalf of BAC Home Loan Servicing conformed to MCL 600.3200 *et seq*. This appeal followed.

Plaintiff argues that res judicata barred defendant from challenging the validity of the foreclosure-by-advertisement in this summary proceeding. We agree.

We review de novo as a question of law the applicability of res judicata. *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). Where the original action occurred in federal court, "[t]his Court must apply federal law in determining whether the doctrine of res judicata" bars a subsequent claim. *Beyer v Verizon North, Inc*, 270 Mich App 424, 428; 715 NW2d 328 (2006). But where, as here, a federal court exercises diversity jurisdiction over a claim, "federal law incorporates the rules of preclusion applied by the State in which the rendering [federal] court sits." *Taylor v Sturgell*, 553 US 880, 891 n 4; 128 S Ct 2161; 171 L Ed 2d 155 (2008). Thus, Michigan law determines the applicability of res judicata.

As discussed in *Bryan*, 304 Mich App at 715:

> "The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Begin v Mich Bell Tel Co*, 284 Mich App 581, 599; 773 NW2d 271 (2009), overruled on other grounds by *Admire v Auto-Owners Ins, Co*, 494 Mich 10; 831 NW2d 849 (2013).

> > Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have

been resolved in the first, and (3) both actions involve the same parties or their privies.

Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. [*Id.*, quoting *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999).]

The *Bryan* Court further explained:

Similarly,

Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding. The doctrine bars relitigation of issues when the parties had a full and fair opportunity to litigate those issues in an earlier action. A decision is final when all appeals have been exhausted or when the time available for an appeal has passed. [*Id.* at 715-716, quoting *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006) (citations omitted).]

An order of summary disposition has preclusive effect under res judicata so long as it constitutes a final decision on the merits. See *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417-416; 733 NW2d 755 (2007). Likewise, in federal court, summary judgment under FRCP 12(b)(6) can carry preclusive effect. See *Heike v Central Mich Univ Bd of Trustees*, 573 Fed Appx 476, 480 (CA 6, 2014).

In this case, as discussed above, defendant challenged numerous aspects of the foreclosure by advertisement proceeding in the federal court. In particular, defendant challenged whether Michigan's foreclosure by advertisement procedure was followed, whether plaintiff was the proper foreclosing party, and whether the requisite chain of title existed. These challenges were considered in the federal courts and were deemed without merit. In this summary proceeding, defendant again challenged the validity of the foreclosure by advertisement procedure, but these issues were or could have been decided in the federal court action between the same parties. See *Bryan*, 304 Mich App at 715-716.

Defendant claims, however, that he could not have sought to enjoin the foreclosure under MCL 600.3205a(5) because the statute limited such actions to "the circuit court for the county in which the mortgaged property is situated." But defendant never disputed the fact that he was served notice of the foreclosure. MCL 600.3205a(5) provides that a "borrower on whom notice is required to be served under this section who is *not* served" may bring an action to enjoin foreclosure. Thus, defendant's reliance on this argument is without merit. Further, defendant never challenged removal of this action to the federal court pursuant to 28 USC 1447(c) on the

ground that he was entitled to injunctive relief. And while defendant is correct that the validity of a foreclosure by advertisement sale may generally be tested in a summary proceeding "in so far as invalidity thereof appears in the procedure," in this case, the matter was already "tested" in the federal courts. See *Reid*, 270 Mich at 267. Accordingly, we conclude that res judicata and collateral estoppel bar defendant from challenging again the validity of the foreclosure by advertisement in this summary proceeding. By concluding otherwise, the circuit court erred and that decision is reversed. In light of our dispositive holding, we need not consider plaintiff's other argument on appeal.

We reverse the circuit court and reinstate the district court's judgment of possession in favor of plaintiff. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad