# STATE OF MICHIGAN

# COURT OF APPEALS

---

BRUCE CRAIGIE and BARBARA CRAIGIE,

Plaintiffs-Appellants,

v

RYAN G. DYKSTRA, BANK OF NEW YORK MELLON, FIRST HORIZON NATIONAL CORPORATION, and NATIONSTAR MORTGAGE, L.L.C.,

Defendants-Appellees.

UNPUBLISHED
June 23, 2016

No. 328824
Kent Circuit Court
LC No. 15-004622-CH

---

RYAN DYKSTRA,

Plaintiff-Appellee,

v

BRUCE A. CRAIGIE and BARBARA A. CRAIGIE,

Defendants-Appellants.

No. 328980
Kent Circuit Court
LC No. 15-003079-AV

---

Before: STEPHENS, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

In docket no. 328824, plaintiffs Bruce and Barbara Craigie appeal as of right the July 24, 2015 order granting defendants Ryan Dykstra, Bank of New York Mellon ("BNYM"), First Horizon National Corporation, ("First Horizon"), and Nationstar Mortgage, L.L.C.'s ("Nationstar") motions for summary disposition under MCR 2.116(C)(5), (8), and (10).[1]  In docket no. 328980, the Craigies, who are defendants in that case, appeal by leave granted the August 4, 2015 order affirming the district court's March 27, 2015 order granting summary

---

[1] We refer to BNYM, First Horizon, and Nationstar as "bank defendants."

-1-

disposition in favor of Dysktra, the plaintiff in that case, under MCR 2.116(C)(9) and (10). We affirm in both cases.

The Craigies purchased a parcel of residential real estate located on Lake Drive in Kent County on September 30, 2005. According to a mortgage dated April 24, 2006, the Craigies borrowed $187,500 from First Horizon and they granted First Horizon a mortgage on the Lake Drive property. This mortgage was recorded on May 11, 2006. Nationstar acquired the right to obtain payment on the mortgage as of August 15, 2011. There is no dispute that, at that time, the mortgage was in default. The mortgage was assigned to BNYM on May 25, 2012. On April 5, 2013, BNYM served the Craigies with notice that they were in default and initiated foreclosure by advertisement proceedings on the property. The property was sold to BNYM at a foreclosure sale on April 2, 2014. The Craigies' failed to redeem the property before October 2, 2014, the day on which the redemption period expired. On December 17, 2014, BNYM conveyed the property to Dykstra.

On January 9, 2015, Dykstra initiated summary proceedings against the Craigies in the district court to recover possession of the property. In their amended answer to Dykstra's complaint, the Craigies argued that Barbara's signature on the April 24, 2006 mortgage was forged. They argued that because it was forged, she was not a mortgagor and, therefore, her rights to the property were not transferred by means of the April 2, 2014 foreclosure sale or deed. The district court held that because the Craigies did not allege fraud or irregularity in the foreclosure proceedings, their defense was untenable. The district court granted Dykstra's motion for summary disposition and the circuit court affirmed. On May 21, 2015, the Craigies sued Dykstra and bank defendants to quiet title to the Lake Drive property. The Craigies argued that because Barbara's signature on the April 24, 2006 mortgage was forged, her interest in the property was not transferred at the foreclosure sale. The circuit court granted summary disposition in favor of Dykstra and bank defendants because the Craigies failed to allege fraud or irregularity in the foreclosure process.

## I. DOCKET NO. 328824

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). MCR 2.116(C)(5) provides that summary disposition may be granted where "[t]he party asserting the claim lacks the legal capacity to sue." MCR 2.116(C)(5). Summary disposition is proper under MCR 2.116(C)(8) where "[t]he opposing party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8). "[A] motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim as pleaded." *McHone v Sosnowski*, 239 Mich App 674, 676; 609 NW2d 844 (2000). Summary disposition is proper under MCR 2.116(C)(10) where, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

"The right to foreclosure by advertisement is statutory." *Church & Church, Inc v A-1 Carpentry*, 281 Mich App 330, 339; 766 NW2d 30 (2008). "Every mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner specified" as provided in MCL 600.3201 *et seq.* MCL 600.3201. "Pursuant to MCL 600.3240, after a sheriff's sale is

completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit . . . ." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). Unless the premises is redeemed within the redemption period, the foreclosure "deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage . . . ." MCL 600.3236. After the redemption period expires, the mortgagor loses all rights and interest in the property. MCL 600.3236. See also *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942). Consequently, after the expiration of the redemption period, the mortgagor loses standing to bring a claim to set aside the foreclosure sale. See *Wood v Button*, 205 Mich 692, 703; 172 NW 422 (1919); *Bryan*, 304 Mich App at 715.

After the expiration of the redemption period, this Court may equitably extend a mortgagor's ability to file suit asserting rights or interest in the property only where fraud or irregularity is shown. See *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 55; 503 NW2d 639 (1993). "The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 497; 739 NW2d 656 (2007), quoting *United States v Garno*, 974 F Supp 628, 633 (ED Mich, 1997). See also *Bryan*, 304 Mich App at 714; *Schulthies v Barron*, 16 Mich App 246, 247-248; 167 NW2d 784 (1969). Moreover, the alleged fraud or irregularity must relate to the foreclosure process itself. See *Freeman v Wozniak*, 241 Mich App 633, 637; 617 NW2d 46 (2000). Our Supreme Court has held "that defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012). Thus, parties seeking to set aside a foreclosure sale must show not only fraud or irregularity in the foreclosure process, they also "must show that they were prejudiced" by the alleged fraud or irregularity. *Id.* "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent" the fraud or irregularity. *Id.* at 115-116.

There is no dispute that the foreclosure process on the Lake Drive property proceeded according to statute and that the Craigies failed to redeem the property before the redemption period expired on October 2, 2014. After the redemption period expired, they lost their standing to sue to set aside the April 2, 2014 foreclosure. *Bryan*, 304 Mich App at 715. To obtain an equitable extension of their standing, the Craigies had to show fraud or irregularity in the foreclosure sale. *Senters*, 443 Mich at 55; *Kenney*, 275 Mich App at 497; *Freeman*, 241 Mich App at 637. They also had to show that "they were prejudiced" by the alleged fraud or irregularity such "that they would have been in a better position to preserve their interest in the property absent" the fraud or irregularity. *Kim*, 493 Mich at 115-116.

On May 21, 2015, the Craigies sued to quiet title to the property, arguing that Barbara's signature on the mortgage was forged and, therefore, under MCL 600.3236, the April 2, 2014 foreclosure sale did not transfer her interest in the property. MCL 600.3236 states in relevant part that after the redemption period, the foreclosure deed "shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest *which the mortgagor had at the time of the execution of the mortgage . . .*" (emphasis added). The April 24, 2006 mortgage appears to bear Barbara's signatures on the first and last pages and her initials on every page in between. It

-3-

was recorded on May 11, 2006. Clearly, the Craigies' argument concerning the validity of the April 24, 2006 mortgage and the alleged forgery concern a forgery that occurred, if at all, approximately eight years before the April 2, 2014 foreclosure sale. The Craigies' argument is wholly unrelated to the foreclosure process. As discussed above, it is well-established that to set aside a foreclosure sale after the redemption period, a party must show "a strong case of fraud or irregularity," *Kenney*, 275 Mich App at 497, and this fraud or irregularity must relate to the foreclosure process itself, *Freeman*, 241 Mich App at 637. Moreover, such fraud or irregularity in the foreclosure process would merely render the foreclosure sale voidable. *Kim*, 493 Mich at 115. To set aside the sale, such fraud or irregularity must prejudice the mortgagor such that the mortgagor would have been in a better position to preserve their interest in the property absent" the fraud or irregularity. *Id.* at 115-116. The Craigies never alleged fraud or irregularity in the foreclosure sale. Further, they never alleged that fraud or irregularity in the foreclosure process prejudiced them such that they "would have been in a better position to preserve their interest in the property absent" the fraud or irregularity. *Id.* Because the redemption period expired on October 2, 2014, and because the Craigies did not show fraud, irregularity, or prejudice therefrom with regard to the foreclosure sale, the law is clear that the Craigies lacked standing to sue to quiet title to the Lake Drive property. *Wood*, 205 Mich at 703; *Bryan*, 304 Mich App at 715. The Craigies argue that case law holding that parties lack standing to challenge a foreclosure after the redemption period has expired applies only to mortgagors, and that Barbara was not a mortgagor because her signature on the April 24, 2006 mortgage was forged. But, as discussed above, the mortgage listed Barbara as a mortgagor and after the redemption period the Craigies lacked standing to challenge this.

Because the Craigies lacked standing to bring suit to quiet title to the Lake Drive property, the circuit court properly granted Dykstra and bank defendants summary disposition under MCR 2.116(C)(5). Because the Craigies failed to allege fraud or irregularity in the foreclosure proceedings, because they failed to allege prejudice from such fraud or irregularity, and because they lacked standing to bring suit to quiet title to the property, the circuit court properly granted Dykstra and bank defendants summary disposition under MCR 2.116(C)(8). And, because there is no question of fact that there was no fraud or irregularity in the foreclosure process and that the Craigies were not prejudiced by such fraud or irregularity, the circuit court properly granted Dykstra and bank defendants summary disposition under MCR 2.116(C)(10). *Latham*, 480 Mich at 111. Because the circuit court properly granted summary disposition in Dykstra and bank defendants' favor under MCR 2.116(C)(5), (8), and (10), we need not address bank defendants' arguments with regard to MCR 2.116(C)(6) and (7).

The Craigies' unpreserved argument that the circuit court erred in refusing to allow them discovery on the issue of whether Barbara's signature on the April 24, 2006 mortgage was forged fails. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete. However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Oliver v Smith*, 269 Mich App 560, 567; 715 NW2d 314 (2006), quoting *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003). Indeed, "[t]he purpose of summary disposition is to avoid extensive discovery and an evidentiary hearing when a case can be quickly resolved with a ruling on an issue of law." *Mackey v Dep't of Corrections*, 205 Mich App 330, 333-334; 517 NW2d 303 (1994). For the reasons discussed above, the Craigies' allegation that Barbara's signature on the April 24, 2006 mortgage was

-4-

forged was irrelevant to the determination of whether summary disposition was proper because the alleged forgery was unrelated to the foreclosure proceedings. Because the alleged forgery was irrelevant and because the Craigies lacked standing, there was no reasonable chance that discovery would uncover support for the Craigies' position. *Oliver*, 269 Mich App at 567. Therefore, the circuit court did not plainly err in granting Dykstra and bank defendants summary disposition without allowing for discovery with regard to the Craigies' forgery allegation. *Richard v Schneiderman & Sherman, PC (On Remand)*, 297 Mich App 271, 273; 824 NW2d 573 (2012); *Oliver*, 269 Mich App at 567.

## II. DOCKET NO. 328980

This Court reviews a circuit court's decision on an appeal from a district court's decision on a motion for summary disposition de novo. *First of America Bank v Thompson*, 217 Mich App 581, 583; 552 NW2d 516 (1996). "Summary disposition under MCR 2.116(C)(9) is proper when the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 425-426; 648 NW2d 205 (2002).

Dykstra initiated summary proceedings in the district court under MCL 600.5714, which states that "[a] person entitled to possession of premises may recover possession by summary proceedings" when, among other reasons, "a person continues in possession of premises sold by virtue of a mortgage or execution, after the time limited by law for redemption of the premises." MCL 600.5714(1)(g). Dykstra moved for summary disposition, and in response, the Craigies argued that Barbara's signature on the April 24, 2006 mortgage was forged; therefore, she was not a mortgagor. They argued that because she was not a mortgagor, the April 2, 2014 foreclosure sale and deed did not transfer her interest in the property to BNYM and, therefore, BNYM could not transfer any interest in the property to Dykstra. But, it has long been the law in Michigan that

> validity of the sale may be tested in a summary proceeding based thereon, in so far as invalidity thereof appears in the procedure, but underlying equities, if any, bearing on the instrument, legal capacity of the mortgagee or trustee, and other matters, wholly *de hors* the record, inclusive of an accounting to determine the amount due, cannot be made triable issues in a summary proceeding. [*Reid v Rylander*, 270 Mich 263, 267; 258 NW 630 (1935).]

The Craigies' defense against Dykstra's claim to possession concerned the validity of the April 24, 2006 mortgage rather than the foreclosure proceedings. The validity of the mortgage was not a triable issue in the summary proceedings. *Id.* Moreover, as discussed *supra*, the Craigies failed to allege fraud or irregularity in the foreclosure process or prejudice therefrom, which they were required to show after the redemption period ended on October 2, 2014. *Kim*, 493 Mich at 115-116; *Senters*, 443 Mich at 55; *Bryan*, 304 Mich App at 715; *Kenney*, 275 Mich App at 497; *Freeman*, 241 Mich App at 637. Therefore, the Craigies' defense based on the alleged forgery was "untenable that as a matter of law no factual development could possibly deny" Dykstra's right to possess the property. *Slater*, 250 Mich App at 425-426. Thus, the district court properly concluded that discovery was not warranted and granted Dykstra's motion for summary disposition under MCR 2.116(C)(9). *Oliver*, 269 Mich App at 567; *Slater*, 250

Mich App at 425-426. And, because the Craigies never established a question of fact that Dykstra was not entitled to possession of the property, the district court properly granted Dykstra's motion for summary disposition under MCR 2.116(C)(10). *Latham*, 480 Mich at 111. Because the district court properly granted Dykstra's motion for summary disposition, the circuit court properly affirmed the district court's decision. *Thompson*, 217 Mich App at 583.

As in docket no. 328824, the Craigies argue that case law holding that parties lack standing to challenge a foreclosure after the redemption period has expired applies only to mortgagors, and that Barbara was not a mortgagor because her signature on the April 24, 2006 mortgage was forged. As discussed above, the April 24, 2006 mortgage appeared to bear Barbara's signature on the first and last pages and her initials on every page in between. The mortgage listed her as a mortgagor of the Lake Drive property. The Craigies' defense before the district court concerned the validity of Barbara's signature on the mortgage. They were not permitted to challenge this. *Reid*, 270 Mich at 267.

On appeal, the Craigies characterize their position before the district court as having not been an attempt to set aside the foreclosure sale. They argue that because they were not trying to set aside the foreclosure sale, they did not need to show fraud, irregularity, or prejudice in connection with the sale. As discussed *supra*, because the redemption period ended, the Craigies had to show fraud or irregularity with regard to the foreclosure sale and prejudice therefrom. *Kim*, 493 Mich at 115-116; *Kenney*, 275 Mich App at 497. The Craigies cite no law to the contrary.

The Craigies argue that Dykstra lacks standing to assert an equitable mortgage. "[E]quitable mortgages are generally found when what appears to be an absolute conveyance on its face was actually intended as a mortgage." *Burkhardt v Bailey*, 260 Mich App 636, 659; 680 NW2d 453 (2004). Dykstra never asserted an equitable mortgage before the district court, the circuit court, or this Court. The issue of an equitable mortgage was never addressed before either lower court in this case. Rather, the April 2, 2014 foreclosure occurred as a result of the April 24, 2006 mortgage, which appears to bear the Craigies' signatures and lists them as mortgagors of the Lake Drive property. The Craigies' argument regarding an equitable mortgage has no bearing on this case and is irrelevant.

In addition, the Craigies argue that the circuit court erred in concluding that Barbara's signature on the April 24, 2006 mortgage was not forged. Indeed, the circuit court stated in its August 4, 2015 order that the Craigies did not address the fact that Barbara's initials appeared on nearly every page of the April 24, 2006 mortgage. The circuit court also noted that the Craigies failed to allege who in particular forged the document. However, there is no indication that the circuit concluded that Barbara's signature on the mortgage was not forged. The circuit court's opinion and order was clearly based on the Craigies' failure to allege fraud, irregularity, or prejudice therefrom with regard to the foreclosure sale. The circuit court did not base it order on a finding that Barbara's signature was not forged. As discussed above, the circuit court's order was proper. Even if the circuit court's order was based on an erroneous reason, this would be irrelevant because "[a] trial court's ruling which reaches the right result, although for the wrong reason, may be upheld on appeal." *Mulholland v DEC Int'l Corp*, 432 Mich 395, 411 n 10; 443 NW2d 340 (1989).

Finally, the Craigies argue that Dykstra was not a bona fide purchaser because Barbara's signature on the April 24, 2006 mortgage was forged. A bona fide, i.e., good faith, purchaser, "is one who purchases without notice of any defect in the vendor's title." *Penrose v McCullough*, 308 Mich App 145, 152; 862 NW2d 674 (2014). "A party's status as a bona fide purchaser for value is relevant only when there has been a previously unrecorded conveyance." *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 142 n 4; 863 NW2d 344 (2014). There was never any allegation of an unrecorded conveyance in this case, so the Craigies' argument regarding Dykstra's status as a bona fide purchaser is irrelevant. *Id.* Although it is true that "[t]here can be no such thing as a bona fide holder under a forged deed," *Special Property VI v Woodruff*, 273 Mich App 586, 591; 730 NW2d 752 (2007), quoting *VanderWall v Midkiff*, 166 Mich App 668, 685; 421 NW2d 263 (1988), the Craigies never alleged that Dykstra acquired title through a forged deed. Rather, they argued that Barbara's signature on the April 24, 2006 mortgage was forged. As discussed above, this was not a triable issue before the district court. *Reid*, 270 Mich at 267.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher

-7-